UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-mj-03466-EGT

UNITED STATES OF AMERICA )
)
v. )
)
LEONARD WAYNE JORDAN, JR., )
)
Defendant. )
)
_____/

**DETENTION ORDER**

On December 10, 2014, this Court held a hearing pursuant to Title 18 U.S.C. § 3142(f) to determine whether Leonard Wayne Jordan, Jr., hereinafter the "Defendant," should be detained prior to trial.

Having considered the evidence presented at the pre-trial detention hearing, the pre-trial services report, and the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure (1) the appearance of the Defendant as required if the Defendant is released on bond and (2) the safety of any other person and the community. Therefore, this Court orders the detention of the Defendant prior to trial and until the conclusion of the trial.

The government's burden of proof with respect to risk of flight or non-

appearance is preponderance of the evidence. *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988). The government's burden of proof with respect to proving that the Defendant poses a danger to any other person and the community is clear and convincing evidence. 18 U.S.C. § 3142(f)(2); *King*, 849 F.2d at 489 n. 3.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1. The Defendant is charged by complaint with one count of unlicensed sale of a firearm, in violation of Title 18, United States Code, Section 922(a)(1)(A); one count of sale or transfer of a stolen firearm, in violation of Title 18, United States Code, Section 922(j); and one count of being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

2. The government proffered evidence that a confidential informant ("CI") informed police that s/he had purchased a stolen police firearm, a Glock pistol, from the Defendant in March of 2014.

3. The CI made a series of recorded calls to the Defendant, in which the Defendant acknowledged selling the stolen police firearm to the CI. Further, the Defendant advised the CI that he could locate other stolen firearms, as well as ammunition and narcotics.

4. On September 24, 2014, and December 1, 2014, the Defendant sold the CI firearms during audio- and video-recorded transactions. On September 24, 2014, it was

a loaded Springfield pistol, and on December 1, 2014, it was an unloaded Glock pistol. Prior to each transaction, there were recorded phone communications between the Defendant and the CI coordinating the deals. Additionally, on October 20, 2014, the Defendant acted as a middleman or broker in a marijuana transaction between the CI and a third individual. That transaction was audio recorded. On September 24, 2014, the Defendant also displayed a large amount of suspected marijuana to the CI, and informed him/her that he had marijuana for sale.

5. During the execution of a search warrant on the Defendant's residence, law enforcement found marijuana and multiple rounds of ammunition in the Defendant's bedroom, along with the Defendant's driver's license and state identification card. After his arrest, the Defendant admitted, post-*Miranda*, that he is a "dope" dealer and that he has sold stolen firearms to the CI.

6. An analysis of the firearms and ammunition sold by the Defendant determined that they were all manufactured outside the state of Florida, and thus traveled in interstate commerce. Further, the Glock pistol that the Defendant sold the CI on December 1, 2014, was determined to be the same firearm as that stolen from a Miami Dade Police Officer's vehicle on November 10, 2014.

7. The Defendant's father, a retired corrections officer, informed law enforcement that he and the Defendant's mother, who share the same residence as the Defendant, live in fear of their son. The Defendant has, according to his father,

previously put the barrel of a firearm in his father's face and threatened him; further, the Defendant's parents are so frightened by the Defendant that they sleep with a lock on their bedroom door.

8.   The Defendant has been convicted of a felony, that is, a crime punishable by at least one year in prison.

Based on the above findings of fact, and after considering the factors set forth in 18 U.S.C. § 3142(g), this Court concludes that no condition or combination of conditions will reasonably assure (1) the appearance of the Defendant as required if the Defendant is released on bond and (2) the safety of any other person and the community. Specifically, the Court concludes that the United States has proven by a preponderance of the evidence that the Defendant poses a risk of flight and proven by clear and convincing evidence that the Defendant poses a danger to the community.

In support of this conclusion, the Court notes the following reasons for the detention. First, the Defendant has an extensive criminal history, essentially a record of non-stop involvement with the criminal justice system since he was thirteen years of age; further, at least one of his convictions was for a crime of violence. Second, the Defendant has a history of drug abuse and sales. Third, the Defendant has repeatedly not followed court orders, including probation violations, which destroys any confidence this Court has that the Defendant will appear at future proceedings. Fourth, the Defendant's parents' fear of their own son displays a serious potential danger to the

4

community.  Finally, the Defendant is facing a <u>significant</u> term of imprisonment, which presents a powerful motivation for the Defendant to flee.

Based on the foregoing, the Court hereby directs that:

a. The Defendant be detained without bond;

b. The Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

c. The Defendant be afforded reasonable opportunity for private consultation with his counsel;

d. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined, deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

**DONE AND ORDERED** in Miami, Florida this 11th day of December, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

cc.  Pretrial Services
U.S. Marshals Service
Daniel Ecarius, Assistant Federal Public Defender

5